IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

DORA NAVAS MEJIA
c/o 519 H Street NW
Washington, DC 20001
(Montgomery County)

    Plaintiff,

v.

QUICK STOP & DELI, LLC
d/b/a EL SABOR LATINO
11251 Old Baltimore Pike
Beltsville, MD 20705
(Prince George's County)

HUGO A. LOPEZ
1033 Ward Street
Laurel, MD 20707
(Prince George's County)

ANA O. MARTINEZ
1033 Ward Street
Laurel, MD 20707
(Prince George's County)

    Defendants.

Civil Action No. _____

# COMPLAINT

1. While Plaintiff worked at El Sabor Latino, Defendants paid her a flat biweekly salary that denied her minimum and overtime wages.

2. Plaintiff brings this action to recover damages for Defendants' willful failure to pay minimum and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Art., § 3-

401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.*

## Jurisdiction and Venue

3.     Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C.§ 1367 (supplemental jurisdiction).

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b) and Local Rule 501(4) because a majority of the Maryland parties reside in this district and division, or because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and division.

## Parties

5.     Plaintiff Dora Navas Mejia is an adult resident of Montgomery County, Maryland.

6.     Defendant Quick Stop & Deli, LLC is a Maryland corporate entity. It does business as El Sabor Latino. Its principal place of business is located at 11251 Old Baltimore Pike, Beltsville, MD 20705. Its resident agent for service of process is Hugo A. Lopez, 1033 Ward Street, Laurel, MD 20707.

7.     Defendant Hugo A. Lopez is an adult resident of Maryland. He resides at 1033 Ward Street, Laurel, MD 20707. He is an owner and officer of Defendant Quick Stop & Deli, LLC. He exercises control over the operations of Quick Stop & Deli, LLC — including its pay practices.

8.     Defendant Ana O. Martinez is an adult resident of Maryland. She resides at 1033 Ward Street, Laurel, MD 20707. She is an owner and officer of Defendant Quick Stop & Deli, LLC. She exercises control over the operations of Quick Stop & Deli, LLC — including its pay practices.

9.     Upon information and belief, Defendants Hugo A. Lopez and Ana O. Martinez are married.

**Factual Allegations**

10.	Defendants own and operate El Sabor Latino, a food services business that operates both a restaurant and a food truck.

11.	Plaintiff worked at El Sabor Latino's food truck. Defendants typically and customarily positioned the food truck at 13800 Georgia Avenue, Silver Spring, Maryland 20906.

12.	Plaintiff worked at El Sabor Latino from approximately April 13, 2017 through approximately February 16, 2019.

13.	Plaintiff worked at El Sabor Latino as laborer.

14.	Plaintiff's job duties at El Sabor Latino primarily consisted of preparing food, cooking pupusas and tortillas, and cleaning the food truck.

15.	While she worked on the food truck, Plaintiff would not only cook for customers of the food truck, but she would also cook pupusas and tortillas that Defendants subsequently sold at their restaurant.

16.	Plaintiff typically and customarily worked six days per week.

17.	Plaintiff typically and customarily worked approximately sixty-five hours per week.

18.	However, in August and September of 2018, Plaintiff typically and customarily worked approximately eighty-three hours per week.

19.	At all relevant times, Defendants paid Plaintiff a biweekly salary.

20.	Defendants paid Plaintiff approximately the following biweekly salaries:

| Approximate Dates | Biweekly Salary | Effective Hourly Rate |
|---|---|---|
| Apr. 13, 2017–May 5, 2018 | $1,400.00 | $10.77 |
| May 06, 2018–Jul. 31, 2018 | $1,500.00 | $11.54 |
| Aug. 01, 2018–Sep. 30, 2018 | $1,500.00 | $9.04 |
| Oct. 01, 2018–Feb. 16, 2019 | $1,500.00 | $11.54 |

21.	Prior to approximately April 22, 2018, Defendants paid Plaintiff in cash.

3

22. Starting on approximately April 22, 2018, Defendants paid Plaintiff by check.

23. At all relevant times, Plaintiff worked more than forty hours per workweek for Defendants.

24. Defendants paid Plaintiff the same effective hourly rate across all hours worked.

25. Defendants did not pay Plaintiff overtime wages — or one and one-half times her regular hourly rate for hours worked in excess of forty in a workweek.

26. In addition to not paying overtime wages, Defendants did not pay Plaintiff the applicable Montgomery County minimum wage.

27. The Montgomery County minimum wage was $10.75 per hour from July 1, 2016 through June 30, 2017, $11.50 per hour from July 1, 2017 through June 30, 2018, and $12.00 per hour for business with 50 or less employees from July 1, 2018 through June 30, 2019. Montgomery County Code, § 27-68.

28. Defendants owe Plaintiff approximately $20,000.00 in minimum and overtime wages (excluding liquidated damages).

29. Defendants Hugo A. Lopez and Ana O. Martinez set the food truck's hours of operation.

30. Defendants Hugo A. Lopez and Ana O. Martinez hired Plaintiff.

31. Defendants Hugo A. Lopez and Ana O. Martinez set Plaintiff's work schedule.

32. Defendants Hugo A. Lopez and Ana O. Martinez set Plaintiff's salary.

33. At all relevant times, Defendants had the power to hire and fire Plaintiff.

34. At all relevant times, Defendants had the power to control Plaintiff's work schedule.

35. At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

36. At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

37. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times her regular rate for all hours worked in excess of forty hours in any one workweek.

38. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff the applicable minimum wage.

39. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to her.

40. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

41. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

42. At all relevant times, Defendants had employees who handled food products, such as chicken, beef, or vegetables, that had been raised or grown outside of Maryland.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

43. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

44. Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

45. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

46. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times her regular hourly rate for hours worked in excess of forty hours in any one workweek.

47. Defendants' violations of the FLSA were willful.

48. For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE MWHL

49. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

50. Each defendant was an "employer" of Plaintiff within the meaning of the MWHL. Md. Code, Lab. & Empl. Art. § 3-401(b).

51. The MWHL requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. Md. Code, Lab. & Empl. Art., §§ 3-415 and 3-420.

52. Defendants violated the MWHL by knowingly failing to pay the required minimum wage to Plaintiff.

53. Defendants violated the MWHL by knowingly failing to pay Plaintiff one and one-half times her regular hourly rate for hours worked in excess of forty hours in any one workweek.

54. Defendants' violations of the MWHL were willful.

55. For Defendants' violations of the MWHL, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE MWPCL

56. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

57. Each defendant was an "employer" of Plaintiff within the meaning of the MWPCL. Md. Code, Lab. & Empl. Art. § 3-501(b).

58. The MWPCL requires employers to pay an employee whose employment terminates all wages due on or before the day on which the employee would have been paid the wages if the employment had not been terminated. Md. Code, Lab. & Empl. Art. § 3-505(a).

59. The MWPCL requires employers to timely pay an employee on regular pay days. Md. Code, Lab. & Empl. Art. § 3-502.

60. The "wages" required to be timely paid by the MWPCL include minimum and overtime wages. Md. Code, Lab. & Empl. Art. § 3-501(c)(2). *See also Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646, 654 (Md. 2014).

61. Defendants violated the MWPCL by knowingly failing to timely pay to Plaintiff all wages due, including minimum and overtime wages.

62. Defendants' violations MWPCL were willful.

63. For Defendants' violations of the MWPCL, Defendants are liable to Plaintiff for three times the amount of unpaid wages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$60,400.00**, and grant the following relief:

   a. Award Plaintiff $60,000.00, consisting of the following overlapping elements:

      i. unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

      ii. unpaid Maryland minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the MWHL, Md. Code, Lab. & Empl. Art., § 3-427;

      iii. three times the amount of unpaid minimum and overtime wages, pursuant to the MWPCL, Md. Code, Lab. & Empl. Art., 3-507.2;

b. Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

c. Award Plaintiff reasonable attorney's fees and expenses;

d. Award Plaintiff court costs (currently, $400.00); and

e. Award any additional relief the Court deems just.

Date: January 30, 2020

Respectfully submitted,

/s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #17567
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*